IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 8, 2020

**STATE OF TENNESSEE v. MARY ANN SCATES**

**Appeal from the Circuit Court for Henderson County**
**No. 17-173-1 Roy B. Morgan, Jr., Judge**

_____

**No. W2019-01274-CCA-R3-CD**

_____

A Henderson County Grand Jury indicted the Defendant-Appellant, Mary Ann Scates, with alternating counts of driving under the influence and driving under the influence (second offense) (counts 1 and 2); following another vehicle too closely and speeding (counts 3 and 4); reckless aggravated assault by use of an automobile as a deadly weapon causing Faith Coleman, Cassandra Coleman, and Alexandria Springer to fear and suffer bodily injury (counts 5, 6, and 7); and vehicular assault of Grace Coleman by reckless operation of an automobile as a result of intoxication (count 8). See Tenn. Code Ann. §§ 55-10-401; 55-8-124; 55-8-152; 39-13-102; 39-13-106. The Defendant entered an open guilty plea to the offenses as charged, with the trial court to determine sentencing. After a hearing, the trial court imposed a four-year consecutive term of imprisonment for the reckless aggravated assault in count 5 and the vehicular assault by intoxication in count 8, for an effective sentence of eight years' confinement.[1] The remaining counts were to be served concurrently. The sole issue presented for our review is whether the trial court erred in ordering consecutive sentencing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

---

[1] In count 1, DUI, the judgment reflects a sentence of eleven months and twenty-nine days, and merger into count 8. In count 2, DUI second offense, the judgment reflects an eleven-month, twenty-nine-day sentence and merger into count 8. In count 3 and 4, following too closely and speeding, the judgment reflects a 30-day sentence. In count 5, reckless aggravated assault, the judgment reflects a four-year sentence to be served consecutively to count 8. In count 6, reckless aggravated assault, the judgment reflects a four-year sentence to be served concurrently with all other counts. In count 7, reckless aggravated assault, the judgment reflects a four-year sentence, the concurrent/consecutive boxes are blank, and the special conditions box notes "see count 8." In count 8, vehicular assault by intoxication, the judgment form reflects a four-year sentence, a $600 fine, the concurrent/consecutive boxes are blank, and the special condition box notes only, "To serve. Must attend DUI Safety School and MADD Victim Impact Panel within 90 days of release. Driving privileges are revoked for 2 years. Special needs recommended for drug treatment."

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Terry J. Leonard, Camden, Tennessee, for the Defendant-Appellant, Mary Ann Scates.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Christopher Post, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Between five and seven o'clock on the evening of March 28, 2017, Cassandra Coleman was leaving an auto body shop driving her "special order" 2013 Chevy Malibu with her two daughters, Grace and Faith, ages seven and eighteen, and a friend, Alexandria Springer, as passengers. She recalled another car came from behind and struck her car, causing it to run off the side of the road, roll through several mailboxes, and crash. An officer responded to the scene shortly thereafter, determined that the Defendant was driving the second car, and required her to perform several field sobriety tests, all of which the Defendant failed. The Defendant was subsequently indicted for the above offenses, and on December 21, 2017, she entered an open guilty plea to the same. The Defendant stipulated that the State would have proven the elements of the offenses as charged. Prior to accepting the Defendant's guilty plea, the trial court conducted an extensive plea colloquy and concluded that the Defendant's guilty pleas were knowingly and voluntarily entered. The Defendant was not immediately taken into custody and was permitted to continue inpatient rehabilitation until her sentencing hearing.

At the February 2, 2018 sentencing hearing, the State introduced the Defendant's presentence report without objection. The report showed that the Defendant had one prior DUI conviction and four prior misdemeanor traffic offenses. Cassandra Coleman testified that she was the owner of a 2013 Chevrolet Malibu, which she valued at $16,000. Coleman confirmed that on March 28, 2017, a car struck her from behind, running her off the road and causing her car to roll several times. She suffered a concussion as a result of the crash, but she refused additional treatment at the hospital so that she could drive to Memphis, where her seven-year-old daughter, Grace, was being treated for her injuries from the crash. Grace suffered a broken arm, a broken jaw, a bruise on her lung, and was hospitalized for four days. In the course of treatment, Coleman and her daughter made "five or six trips" to LeBonheur Children's Hospital in Memphis. The State entered photographs of the accident into evidence, but those photographs were not part of the record on appeal. Coleman's adult daughter, Faith, testified that she was a front-seat passenger in the car at the time of the accident, and she remembered the car flipping over several times. She suffered a broken arm, a broken finger, and several bruises and scratches. Asked if there

- 2 -

were other drivers in the area at the time of the crash, Faith said, "a guy that was driving down the road actually helped my mom out" of the car.

The State also admitted into evidence a certified copy of the Defendant's prior DUI conviction and the supporting warrant. The State noted that the warrant indicated, "the police officers made contact with [the Defendant] that day [and] she was involved in a wreck that day, as well, for her prior DUI."[2] Asked by the trial court whether there was another wreck on a prior DUI, the State advised, "Your honor, I believe that was a one-vehicle crash, but there was a – prior crash on the prior DUI."

Kristie Butler, the director of the Women of Hope rehabilitation center, testified that the Defendant had voluntarily checked into a twelve-month, inpatient rehabilitation program and had completed the first nine-month phase. During this time, the Defendant was "trustworthy and reliable," and had passed each random, monthly drug test given at the center. When the Defendant was told that she would not receive any jail credit for her time at Women of Hope, the Defendant voluntarily chose to stay and continue receiving treatment rather than spend time with her family. Cindy Overton led a weekly Bible study class at Women of Hope. She testified that the Defendant cried a lot in class and spoke about wanting to change her life. She testified that she believed the Defendant was honest and remorseful.

In allocution, the Defendant apologized repeatedly to the victims of the car crash. She said, "That's not who I am. And I am very, very sorry for what happened. And I'm very remorseful for what happened. You will never know how sorry I am. I have to live with that for the rest of my life." The Defendant also asked for forgiveness and explained that she intended to make a difference by ensuring that "it" never happened again and by helping others.

As relevant to the issue raised in this appeal, the record shows that the State previously filed a motion seeking consecutive sentencing based on the Defendant's status as "an offender whose record of criminal activity is extensive," and as "a dangerous offender whose behavior indicate[d] little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." See Tenn. Code Ann. §§ 40-35-115(b)(2), (4). Following the sentencing hearing, the State recommended that all four Class D felony convictions be served consecutively. The State acknowledged the Defendant had one prior DUI conviction; however, the State urged the trial court to also rely on the instant four felony convictions in determining whether the Defendant had a record of extensive criminal activity. As evidence of the Defendant's status as a dangerous

---

[2] Although the warrant was admitted as an exhibit to the hearing, it is not included in the record on appeal.

offender, the State argued that there were other cars on the road during the instant offense and that the Defendant could have injured several other people. The State also pointed out that the Defendant's prior DUI conviction involved a single car crash, which should have been a "wake up call" and further illustrated the need to protect the public through consecutive sentencing. In response, the Defendant acknowledged that her prior DUI and the instant case were due to prescription medication rather than drug or alcohol abuse, which she had "completely taken herself off[,]" for almost a year. Nevertheless, she accepted full responsibility for her actions, sought treatment, was remorseful, and asked for the mercy of the court.

The trial court considered the evidence at the sentencing hearing, the presentence report, the principles and guidelines of sentencing, and the arguments of counsel. In support of consecutive sentencing, the trial court found that the circumstances of the crime were aggravated, that extended confinement was required to protect society from the Defendant, and that the aggregate length of the sentence was reasonably related to the seriousness of the offenses. The trial court also noted that the Defendant was not a good candidate for alternative sentencing. Final judgments were entered on February 7, 2018. On June 19, 2019, the trial court issued an order granting delayed appeal, finding that the Defendant was not informed of her right to appeal the trial court's sentencing determination and that trial counsel failed to obtain a written waiver of appeal. See Tenn. Code Ann. §40-30-113. The Defendant then filed a timely notice of appeal on July 18, 2018. This case is now properly before this court for review.

## ANALYSIS

The Defendant challenges the trial court's order of consecutive sentencing, and argues that the trial court "failed to preserve or set forth with specificity the facts" supporting its determination that the Defendant was a dangerous offender. In response, the State contends that the trial court made the necessary findings to support the imposition of consecutive sentences. We agree with the State.

Where a defendant is convicted of one or more offenses, the trial court has discretion to decide whether the sentences shall be served concurrently or consecutively. Tenn. Code Ann. § 40-35-115(a). A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into one of seven categories enumerated in Section 40-35-115(b) including, as relevant here, whether "[t]he defendant is an offender whose record of criminal activity is extensive" or whether "[t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high[.]" Tenn. Code Ann. § 40-35-115(b)(2), (4). "Any one of these grounds is a sufficient basis for the imposition of consecutive sentences." State v. Pollard, 432 S.W.3d 851, 862 (Tenn.

2013) (citing State v. Dickson, 413 S.W.3d 735, 748 (Tenn. 2013)). "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." Id. (citing Tenn. R. Crim. P. 32); see State v. Bise, 380 S.W.3d 682,705 (Tenn. 2012); State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). However, when imposing consecutive sentences pursuant to the dangerous offender classification, the trial court must also conclude that the proof establishes that the aggregate sentence is "reasonably related to the severity of the offenses" and "necessary in order to protect the public from further criminal acts." Id. (quoting State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995)). This is because, unlike the other six subsections, the dangerous offender classification is "the most subjective and hardest to apply." State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). Finally, we continue to require the order of consecutive sentencing to be "justly deserved in relation to the seriousness of the offense," and "no greater than that deserved for the offense committed." Tenn. Code Ann. §§ 40-35-102(1), -103(2); see State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002).

In determining consecutive sentencing in this case, the trial court stated, in relevant part, as follows:

> The State argues the Defendant is an offender whose record of criminal activity is extensive, under the Statute T.C.A. 40-35-115.
>
> The State is exactly right, been down that road and done that. I can consider the case that's before me today. And when you look at four D felonies on this case alone and then your prior, this makes it an extensive record.
>
> You have admitted [] guilt in open court to four D felonies in this case and you've heard from some of the victims today. But I do find that that does meet the criteria under the statute as far as extensive, and it is proper consideration.
>
> The next one the State argues is a dangerous offender whose behavior indicates life - - little or no disregard for human life and no hesitation about committing the crime which risk to human life is high.
>
> As I look to that, I've got to go back in time. I'm not looking at [the Defendant] today, as I hope and pray is on good course. I'm looking at what has happened in the past and what happened at the time of the offenses as far as your conduct. We can only wonder about the future and the faith that we have that it will be good.

But I do find that that is appropriate, along with the following three factors: The circumstances of the offense are aggravated under the circumstances, which I've already alluded to; that confinement for an extended period of time is necessary to protect society from the Defendant's unwillingness to lead a productive life and the Defendant's resort to this activity and antisocial behavior; and the aggregate . . . length of the sentence must reasonably relate to the offense for which the Defendant now stands convicted.

So, we do have a prior single car crash. We have the other factors I've alluded to.

For those reasons stated, the Court makes the finding, that consecutive sentences can be considered.

At the outset, the record reflects that the trial court engaged in an extensive and comprehensive review of the facts and circumstances of this case. Upon our review, we conclude that the trial court's order of consecutive sentencing is supported by the record. In regard to whether "[t]he defendant is an offender whose record of criminal activity is extensive," we acknowledge that the Defendant had a relatively minor criminal history prior to this offense. However, the trial court found the Defendant's prior DUI conviction to be significant because it too involved prescription drug use which resulted in a single car crash. In this context, we agree with the trial court and conclude that the Defendant's prior DUI, combined with the four Class D felony offenses of conviction of a similar nature, satisfy the statutory criteria for consecutive sentencing. See e.g., State v. Nelson, 275 S.W.3d 851, 870 (Tenn. Crim. App. 2008) (citing State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997)) (noting that an extensive criminal history, standing alone, is enough to justify the imposition of consecutive sentencing); State v. Brian Lee Cable, E2005-00608-CCA-R3-CD, 2006 WL 1381484, at *8 (Tenn. Crim. App. May 19, 2006) (noting that current offenses may be used in determining criminal history for the purposes of consecutive sentencing) (citing State v. Cummings, 868 S.W.2d 661, 663 (Tenn. Crim. App. 1992)).

Additionally, in regard to the dangerous offender classification, we similarly acknowledge that the trial court did not explicitly anchor its findings to whether the aggregate sentence is "reasonably related to the severity of the offenses" and "necessary in order to protect the public from further criminal acts." Nevertheless, as in Wilkerson, the Defendant does not mount a genuine challenge to the trial court's determination that she qualifies as a dangerous offender who demonstrated little or no regard for human life. Instead, she challenges the adequacy of the trial court's findings. When determining

whether the dangerous offender classification applies to defendants convicted of vehicular assault by intoxication and related offenses, this court has often looked to the circumstances surrounding the defendant's decision to drive intoxicated. See State v. William Jeffery Sweet, No. E2008-00100-CCA-R3-CD, 2009 WL 2167785, at *23 (Tenn. Crim. App. July 21, 2009) (citing Wilkerson, 905 S.W.2d at 938; State v. Barbara Ann Bryant, No. W2004-01245-CCA-R3-CD, 2005 WL 756252, *4 (Tenn. Crim. App. Oct. 3, 2005), perm. app. denied (Tenn., Oct. 3, 2005) (dangerous offender provision applied to a defendant who drove while intoxicated, immediately after being discouraged from driving by an acquaintance, killing three people and severely injuring a fourth); State v. Danny Lee Ross, No. 01C01-9410-PB-00365, 1995 WL 687694, *6 (Tenn. Crim. App., at Nashville, Nov. 21, 1995), perm. app. denied (Tenn. May 6, 1996) (dangerous offender provision applied to a defendant, out on bond from a previous D.U.I. charge, who drank throughout the day, left a bowling alley exclaiming "I'm loaded and I ain't through yet," and then sped through a red light, causing a five-car accident that killed three victims)).

In this case, the record shows the Defendant's actions leading up to the accident created a situation where the risk to human life was high. Based on her prior experience with the same prescription drugs, a single-car crash, and subsequent DUI conviction, the Defendant knew that driving under those conditions was dangerous to herself and every other motorist she encountered. Yet, the Defendant chose to drive again in the same condition. This time, the Defendant's actions resulted in a two-car crash, with four victims who sustained multiple injuries. The youngest victim, age seven, suffered a broken arm, a broken jaw, a bruise on her lung, and was hospitalized for four days. See William Jeffery Sweet, 2009 WL 2167785, at *25 (citing State v. Robinson, 146 S.W.3d 469, 524 (Tenn. 2004) and Imfeld, 70 S.W.3d at 709) (noting that extent of victims' injuries is proper to consider in determining whether consecutive sentencing is "reasonably related" to the severity of the offense). The trial court noted the "aggravated" circumstances of the offense and determined that the four-year term of imprisonment for a single count of reckless aggravated assault should be served consecutively to the four-year term of imprisonment for the vehicular assault by intoxication, for an effective eight-year term of imprisonment. The trial court also noted, and we agree, that the aggregate eight-year sentence is reasonably related to the severity of the offenses. The trial court acknowledged the Defendant's progress in seeking treatment and her demonstrated "good path." However, given the prior unsuccessful rehabilitative efforts and her "unwillingness to lead a productive life," the trial court further determined, and we agree, that an extended sentence was necessary to protect the public from further criminal acts of the Defendant. Accordingly, imposition of consecutive sentencing was proper, and the Defendant is not entitled to relief.

## **CONCLUSION**

Based on the above authority, the judgments of the Henderson County Circuit Court are affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE